**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SHORTCAKE IP HOLDINGS LLC,

          Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

          Defendants.

Case No. 23-cv-00407

## COMPLAINT

Plaintiff Shortcake IP Holdings LLC ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and/or unauthorized copies of Plaintiff's federally registered copyrighted designs (collectively, the "Unauthorized Strawberry Shortcake Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale Unauthorized Strawberry Shortcake Products. Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized Strawberry Shortcake Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered trademarks and infringement of its registered copyrighted designs, as well as to protect unknowing consumers from purchasing Unauthorized Strawberry Shortcake Products over the Internet. Plaintiff has been and continues to be irreparably damaged through

2

consumer confusion, dilution, and tarnishment of its valuable trademarks and infringement of its copyrighted designs as a result of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

**Plaintiff**

4.      Plaintiff Shortcake IP Holdings LLC is a Delaware limited liability company having its principal place of business at 352 Park Avenue So., FL 8, New York, NY 10010.

5.      Over fifty years ago, Barbi Sargent introduced a greeting card with a berry sweet heroine and Strawberry Shortcake was born. From her humble beginnings as a greeting card, Strawberry Shortcake grew into a cultural phenomenon, spawning numerous television specials, video games, dolls, and related products from the 1970s and continuing through today.

6.      Some of the characters and character names made famous by Strawberry Shortcake over the years are:



**Strawberry Shortcake**

**Blueberry Muffin**

**Orange Blossom**







**Plum Pudding**

**Cherry Jam**

**Ginger Snap**

**Lime Chiffon**







**Henna**

**Pitterpatch**

7.      Today, Strawberry Shortcake is featured in classic television specials and in an all-new series Strawberry Shortcake Berry in the Big City available on major platforms like Netflix and Peacock.  Strawberry Shortcake is also featured on the official Strawberry Shortcake website, https://www.strawberryshortcake.com/, and on social media platforms including Instagram, https://www.instagram.com/strawberryshortcake/, and Facebook, https://www.facebook.com/StrawberryShortcake.  Strawberry Shortcake inspires girls to make the world a better, sweet-smelling place, where every little berry's effort can make a huge difference. To children everywhere, Strawberry Shortcake demonstrates leadership, believing in yourself, celebrating differences, freedom to experiment (and sometimes fail), and girl power.

8.      Strawberry Shortcake is also featured in a variety of products including online games, dolls, toys, books, home décor and other related products such as apparel, sleepwear, accessories, and gifting and promotional activities with food and beverages (collectively, the "Strawberry Shortcake Products").

9

9. Strawberry Shortcake Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative design. Among the purchasing public, genuine Strawberry Shortcake Products are instantly recognizable as such. The Strawberry Shortcake brand has become a global success that resonates with children worldwide, and Strawberry Shortcake Products are among the most recognizable in the world. Strawberry Shortcake Products are distributed and sold to consumers through retailers throughout the United States, including Illinois.

10. Long before Defendants' acts described herein, Plaintiff launched the Strawberry Shortcake television show and its related line of Strawberry Shortcake Products bearing its famous Strawberry Shortcake mark, and various copyrighted designs (the "Strawberry Shortcake Copyrighted Designs").

11. Plaintiff has used STRAWBERRY SHORTCAKE and other trademarks for many years and has continuously sold products under STRAWBERRY SHORTCAKE and other trademarks (collectively, the "STRAWBERRY SHORTCAKE Trademarks"). As a result of this long-standing use, strong common law trademark rights have amassed in the STRAWBERRY SHORTCAKE Trademarks. Plaintiff's use of the marks has also built substantial goodwill in and to the STRAWBERRY SHORTCAKE Trademarks. The STRAWBERRY SHORTCAKE Trademarks are famous marks and valuable assets of Plaintiff. Strawberry Shortcake Products typically include at least one of the registered STRAWBERRY SHORTCAKE Trademarks and/or the Strawberry Shortcake Copyrighted Designs.

12. Several of the STRAWBERRY SHORTCAKE Trademarks are registered with the United States Patent and Trademark Office, a non-exclusive list of which is included below.

10

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| 1,117,262 | STRAWBERRY SHORTCAKE | For: Greeting cards in class 016. |
| 1,267,116 | STRAWBERRY SHORTCAKE | For: Gift wrapping paper in class 016. |
| 1,564,827 | STRAWBERRY SHORTCAKE | For: Dolls in class 028. |
| 1,959,123 | STRAWBERRY SHORTCAKE | For: Children's clothing, namely sleepwear in class 025. |
| 2,309,010 | STRAWBERRY SHORTCAKE | For: Shirts in class 025. |
| 2,803,695 | STRAWBERRY SHORTCAKE | For: Equipment sold as a unit for playing board games, puzzles, Christmas tree ornaments, toy playsets for dolls, party favors in the form of small toys, stuffed toy figures, balloons, preschool toys in class 028. |
| 2,856,798 | STRAWBERRY SHORTCAKE | For: Paper gift bags, paper napkins, pens, pencils, erasers, writing paper and envelopes, note pads, note books, stationery-type portfolios, stickers, story books, coloring books, children's activity books, paper party hats, calendars, diaries, address books, pencil cases, paper banners, posters, rubber stamps in class 016. |
| 2,887,531 | STRAWBERRY SHORTCAKE | For: Picture frames, plastic cake decorations, sleeping bags in class 020.<br><br>For: Plates, cups, toothbrushes in class 021.<br><br>For: Table linen, pillow cases, bedspreads, curtains, bed blankets, pillows in class 024. |
| 2,901,936 | STRAWBERRY SHORTCAKE | For: Bubble bath, bath gel, soap, toothpaste, body lotion, nail polish in class 003. |
| 2,925,739 | STRAWBERRY SHORTCAKE | For: Photographic cameras, sunglasses, prerecorded video cassettes featuring cartoons, DVD's featuring cartoons, decorative magnets in class 009.<br><br>For: Jewelry, clocks in class 014.<br><br>For: Backpacks, tote bags, purses, wallets in class 018. |
| 3,171,964 | STRAWBERRY SHORTCAKE | For: Socks, tights, shoes, sandals, slippers, boots, belts, hats, gloves, scarves, panties, dresses, pants, shorts, swimsuits, Halloween costumes, wrist bands in class 025. |

| Registration No. | Trademark | Goods and Services |
|---|---|---|
| | | For: Hair clips, barrettes, hair bands, ponytail holders, ribbons and bows for gift wrapping in class 026. |
| 4,196,032 | STRAWBERRY SHORTCAKE | For: Entertainment and educational services in the nature of on-going television programs in the field of children's entertainment in class 041. |
| 4,580,350 | STRAWBERRY SHORTCAKE | For: Entertainment services, namely, production of animated cartoons on dvds and video cassettes; entertainment services provided via global computer networks and wireless communication networks featuring online computer games, videos, music, and activities in the nature of comedy, drama, action, adventure, and animation in the field of children's entertainment and education; providing information relating to entertainment online via a global computer network containing information regarding computer games, interactive children's activities, and stories for children and their parents; providing on-line non-downloadable publications in the nature of magazines and books featuring entertainment in the nature of comedy, drama, action, adventure, and animation, stories and games for children; providing non-downloadable online interactive computer games in class 041. |
| 4,847,516 | STRAWBERRY SHORTCAKE | For: Adhesive bandages in class 005. |

13.     The above U.S. registrations for the STRAWBERRY SHORTCAKE Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the STRAWBERRY SHORTCAKE Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the STRAWBERRY SHORTCAKE Trademarks pursuant to 15 U.S.C. § 1057 (b). True and correct copies of the United States Registration Certificates for the above-listed STRAWBERRY SHORTCAKE Trademarks are attached hereto as **Exhibit 1**.

14.     The STRAWBERRY SHORTCAKE Trademarks are distinctive when applied to the Strawberry Shortcake Products, signifying to the purchaser that the products come from

Plaintiff and are manufactured to Plaintiff's quality standards. Whether Plaintiff manufactures the products itself or contracts with others to do so, Plaintiff has ensured that products bearing the STRAWBERRY SHORTCAKE Trademarks are manufactured to the highest quality standards.

15. The STRAWBERRY SHORTCAKE Trademarks are famous marks, as that term is used in 15 U.S.C. § 1125(c)(1) and have been continuously used and never abandoned. The innovative marketing and product designs of the Strawberry Shortcake Products have enabled the Strawberry Shortcake brand to achieve widespread recognition and fame and have made the STRAWBERRY SHORTCAKE Trademarks some of the most well-known marks in the toy and children's entertainment industries. The widespread fame, outstanding reputation, and significant goodwill associated with the Strawberry Shortcake brand have made the STRAWBERRY SHORTCAKE Trademarks valuable assets of Plaintiff.

16. Plaintiff has expended substantial time, money, and other resources in advertising and promoting the STRAWBERRY SHORTCAKE Trademarks. In fact, Plaintiff has expended millions of dollars in advertising, promoting, and marketing featuring the STRAWBERRY SHORTCAKE Trademarks. Strawberry Shortcake Products have also been the subject of extensive unsolicited publicity resulting from their fame and high-quality, innovative designs. As a result, products bearing the STRAWBERRY SHORTCAKE Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Strawberry Shortcake Products have become among the most popular of their kind in the U.S. and the world. The STRAWBERRY SHORTCAKE Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the STRAWBERRY SHORTCAKE Trademarks is of incalculable and inestimable value to Plaintiff.

17.    Genuine Strawberry Shortcake Products are sold only through authorized retail channels and are recognized by the public as being exclusively associated with the Strawberry Shortcake brand.

18.    Plaintiff has registered its Strawberry Shortcake Copyrighted Designs with the United States Copyright Office. The registrations include, but are not limited to, the copyrighted designs listed in the chart below. A true and correct copy of the records from the U.S. Copyright Office website for the below Strawberry Shortcake Copyrighted Designs is attached hereto as **Exhibit 2**.

| Copyright No. | Full Title |
|---|---|
| VA0002111376 | Strawberry Shortcake #1 |
| VA0002111373 | Strawberry Shortcake #2 |
| VA0002111366 | Strawberry Shortcake #3 |
| VA0002111365 | Strawberry Shortcake #4 |
| VA0002111364 | Strawberry Shortcake #5 |
| VA0002111363 | Strawberry Shortcake #6 |
| VA0002111362 | Strawberry Shortcake #7 |
| VA0002111361 | Strawberry Shortcake #8 |
| TX0008396780 | STRAWBERRY SHORTCAKE: BERRY SWEET RECIPE ACTIVITY BOOK |
| VA0002111389 | Strawberry Shortcake: Free Comic Book Day Edition |
| VA0002112334 | Strawberry Shortcake Funko Universe One-Shot (with 3 cover editions) |
| V9929D385 | Strawberry Shortcake success book for 1983 & 250 other titles |
| V9950D084 | The Strawberry Shortcake Success Book for 1983 & 250 other titles |
| V9924D358 | Adorable apple dumplin's book & 251 other titles / Reg. TX6062610 |
| V9933D434 | Adorable apple dumplin's book & 318 other titles |

| Copyright No. | Full Title |
|:---:|:---:|
| TX0008609604 | HAPPY BIRTHDAY, STRAWBERRY SHORTCAKE! |

19.    Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Strawberry Shortcake Copyrighted Designs to the public.

**The Defendants**

20.    Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

21.    On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

22.    The success of the Strawberry Shortcake television show and brand has resulted in significant counterfeiting of the STRAWBERRY SHORTCAKE Trademarks and copying of the Strawberry Shortcake Copyrighted Designs. Consequently, Plaintiff has a worldwide brand

protection program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Plaintiff has identified numerous fully interactive e-commerce stores offering unauthorized Strawberry Shortcake Products on online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Walmart, Wish.com, Etsy, and DHgate, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. According to a U.S. Customs and Border Protection ("CBP") report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights ("IPR") violations totaling over $3.3 billion, an increase of $2.0 billion from 2020. *Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection (**Exhibit 3**). Of the 27,000 in total IPR seizures, over 24,000 came through international mail and express courier services (as opposed to containers), 51 percent of which originated from China and Hong Kong. *Id*.

23. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 4**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 Nw. J. Int'l L. & Bus. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 5**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts.

**Exhibit 5** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 5** at p. 39. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 4** at 186–87.

24.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Unauthorized Strawberry Shortcake Products to residents of Illinois.

25.     Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars and or/funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of the STRAWBERRY SHORTCAKE Trademarks or copy or distribute the Strawberry Shortcake Copyrighted Designs, and none of the Defendants are authorized retailers of genuine Strawberry Shortcake Products.

26.     Many Defendants also deceive unknowing consumers by using the STRAWBERRY SHORTCAKE Trademarks without authorization within the content, text, and/or

meta tags of their e-commerce stores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Strawberry Shortcake Products. Other e-commerce stores operating under Seller Aliases omit using the STRAWBERRY SHORTCAKE Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Strawberry Shortcake Products.

27. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

28. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Strawberry Shortcake Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

29. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Strawberry Shortcake Products for sale by

the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Unauthorized Strawberry Shortcake Products were manufactured by and come from a common source and that Defendants are interrelated.

30.     E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

31.     Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of this Court.

32.     Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Strawberry Shortcake Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully used and continue to use the STRAWBERRY SHORTCAKE Trademarks and/or copies of the Strawberry Shortcake Copyrighted Designs in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Strawberry Shortcake Products into the United States and Illinois over the Internet.

33. Defendants' unauthorized use of the STRAWBERRY SHORTCAKE Trademarks and/or Strawberry Shortcake Copyrighted Designs in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Strawberry Shortcake Products, including the sale of Unauthorized Strawberry Shortcake Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered STRAWBERRY SHORTCAKE Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The STRAWBERRY SHORTCAKE Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Strawberry Shortcake Products offered, sold or marketed under the STRAWBERRY SHORTCAKE Trademarks.

36. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the STRAWBERRY SHORTCAKE Trademarks without Plaintiff's permission.

37. Plaintiff's United States Registrations for the STRAWBERRY SHORTCAKE Trademarks (Exhibit 1) are in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the STRAWBERRY SHORTCAKE Trademarks, and are willfully infringing and intentionally using infringing and counterfeit versions of the

STRAWBERRY SHORTCAKE Trademarks. Defendants' willful, intentional, and unauthorized use of the STRAWBERRY SHORTCAKE Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Strawberry Shortcake Products among the general public.

38.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the STRAWBERRY SHORTCAKE Trademarks.

40.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Strawberry Shortcake Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

41.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

42.     Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Strawberry Shortcake Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Strawberry Shortcake Products by Plaintiff.

43.     By using the STRAWBERRY SHORTCAKE Trademarks in connection with the sale of Unauthorized Strawberry Shortcake Products, Defendants create a false designation of

origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Strawberry Shortcake Products.

44.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Strawberry Shortcake Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

45.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the associated goodwill of the Strawberry Shortcake brand.

**COUNT III**
**COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT**
**REGISTRATIONS (17 U.S.C. §§ 106 AND 501)**

46.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47.     The Strawberry Shortcake Copyrighted Designs constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

48.     Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the Strawberry Shortcake Copyrighted Designs. The Strawberry Shortcake Copyrighted Designs are protected by at least the U.S. Copyright Registrations listed in the chart above, which were duly issued to Plaintiff by the United States Copyright Office. At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in the Strawberry Shortcake Copyrighted Designs, which have never been assigned, licensed, or otherwise transferred to Defendants.

49.     The Strawberry Shortcake Copyrighted Designs are published on the Internet and available to Defendants online. As such, Defendants had access to the Strawberry Shortcake Copyrighted Designs via the Internet.

50.     Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivate works incorporating the Strawberry Shortcake Copyrighted Designs on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Strawberry Shortcake Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Strawberry Shortcake Copyrighted Designs. Such conduct infringes and continues to infringe the Strawberry Shortcake Copyrighted Designs in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

51.     Defendants reap the benefits of the unauthorized copying and distribution of the Strawberry Shortcake Copyrighted Designs in the form of revenue and other profits that are driven by the sale of Unauthorized Strawberry Shortcake Products.

52.     Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Unauthorized Strawberry Shortcake Products that capture the total concept and feel of the Strawberry Shortcake Copyrighted Designs.

53.     On information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

54.     Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

55.     Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or

measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the Strawberry Shortcake Copyrighted Designs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the STRAWBERRY SHORTCAKE Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Strawberry Shortcake Product or is not authorized by Plaintiff to be sold in connection with the STRAWBERRY SHORTCAKE Trademarks;

   b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Strawberry Shortcake Copyrighted Designs in any manner without the express authorization of Plaintiff;

   c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Strawberry Shortcake Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the STRAWBERRY SHORTCAKE Trademarks and/or the Strawberry Shortcake Copyrighted Designs;

   d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Strawberry Shortcake Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the STRAWBERRY SHORTCAKE Trademarks and/or the Strawberry Shortcake Copyrighted Designs and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the STRAWBERRY SHORTCAKE Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Strawberry Shortcake Copyrighted Designs;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, and DHgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the STRAWBERRY SHORTCAKE Trademarks and/or which bear the Strawberry Shortcake Copyrighted Designs;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the STRAWBERRY SHORTCAKE Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the STRAWBERRY SHORTCAKE Trademarks;

5) As a direct and proximate result of Defendants' infringement of the Strawberry Shortcake Copyrighted Designs, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a); and

8) Award any and all other relief that this Court deems just and proper.

Dated this 23rd day of January 2023.       Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff Shortcake IP Holdings LLC*